

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN – 4 2008

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, | § | |
| United States Department of Labor, | § | |
| | § | Civil Action No. |
| Plaintiff, | § | |
| | § | **3-08CV0018-0** |
| vs. | § | |
| | § | |
| LOCAL 732, AMERICAN POSTAL | § | |
| WORKERS UNION, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff, Elaine L. Chao, Secretary of Labor alleges as follows:

### NATURE OF THE ACTION

1.      This action is brought under Title IV of the Labor-Management Reporting

and Disclosure Act of 1959, as amended, Act of September 14, 1959, 73 Stat. 519, et seq.,

29 U.S.C. §§ 481-483 (the "Act"), as applied to the Defendant by the Postal

Reorganization Act at 39 U.S.C. § 1209(b), for a judgment declaring that the May 19,

2007 election of union officers conducted by Local 732, American Postal Workers Union

(Defendant), for the offices of President, Vice President, Sergeant-At-Arms, one

Trustee, Human Relations Director, thirteen Clerk Craft Delegates, three Maintenance

Craft Delegates and two Motor Vehicle Service Craft Delegates is void, and directing the

defendant to conduct a new election for these offices under plaintiff's supervision, and for

other appropriate relief.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1345, and 29 U.S.C. § 482(b).

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

## PARTIES

4.      Plaintiff, Elaine L. Chao, is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action pursuant to section 402(b) of Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 482(b).

5.      Defendant is, and at all times relevant to this action has been, an unincorporated association doing business in the County of Dallas, Texas, within the jurisdiction of this Court.  Defendant may be served through its President, Larry Crawford, Local 732, American Postal Workers Union, 2010 Postal Way, Dallas, Texas 75212.

6.      Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i) , 402(j) and 481(b)).

## FACTUAL ALLEGATIONS

7.    Defendant, purporting to act pursuant to its bylaws and the American Postal Workers Union (National) Constitution conducted an election of officers on May 19, 2007, which election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-84).

8.    By letter dated May 22, 2007, to the Defendant's Election Committee, the complainant, Harvey Johnson, a member in good standing of Defendant protested the May 19, 2007 election.

9.    Johnson appealed the election to the National's Election Appeals Committee by letter dated May 28, 2007.

10.    Having invoked the remedies available without receiving a final decision within three calendar months, Johnson filed a timely complaint with the Secretary of Labor on September 10, 2007, pursuant to section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

11.    By letters dated November 9, 2007 and November 29, 2007, Defendant agreed that the time within which the plaintiff may bring suit with respect to Defendant's aforesaid election be extended to December 14, 2007 and January 4, 2008, respectively.

12.    Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that a violation of Title IV of the Act (29 U.S.C. § 481, et seq.) had occurred in

the conduct of the Defendant's May 19, 2007, election and had not been remedied at the time of the institution of this action.

13.    Defendant violated section 401(c) of the Act (29 U.S.C. § 481(c)) during the conduct of the aforesaid election when incumbent officers used an updated, electronic mailing list to distribute their campaign materials and failed to provide all candidates with the same list.

14.    Defendant violated sections 401(g) of the Act (29 U.S.C. §§ 481(g)) during the conduct of the aforesaid election when union funds were used to promote the incumbent slate candidates' candidacy when the American Postal Workers Union provided the incumbent slate of candidates with a copy of Defendant's electronic mailing list at no charge.

15.    The violations of sections 401(c) and 401(g) of the Act (29 U.S.C. §§ 481(c) and 481(g)) found and alleged above may have affected the outcome of the Defendant's May 19, 2007 election for the offices of President, Vice President, Sergeant-At-Arms, one Trustee, Human Relations Director, thirteen Clerk Craft Delegates, three Maintenance Craft Delegates and two Motor Vehicle Service Craft Delegates.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring the Defendant's election for the above listed offices to be null and

void;

      (b)  directing the Defendant to conduct a new election for those offices, under the

supervision of the Plaintiff;

      (c)  for the costs of this action; and

      (d)  for such other relief as may be appropriate.

                      Respectfully submitted,

                      JEFFREY BUCHOLTZ
                      Acting Assistant Attorney General

                      RICHARD B. ROPER
                      United States Attorney

                      KATHERINE SAVERS MCGOVERN
                      Assistant United States Attorney
                      TX Bar No. 13638020
                      1100 Commerce Street, Rm 300
                      Dallas, Texas 75242
                      Telephone:  214.659.8600
                      Facsimile:  214.767.2916
                      Email: katherine.mcgovern@usdoj.gov

                      Attorneys for Plaintiff

Of Counsel:

GREGORY F. JACOB
Solicitor of Labor
KATHERINE E. BISSELL
Associate Solicitor
Labor-Management Programs
WILLIAM E. EVERHEART
Regional Solicitor
SHARON E. HANLEY
Counsel for Labor-Management Programs

**Complaint - Page 5**

FREDERICK BOWEN
Attorney

U.S. Department of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210

Attorneys for Plaintiff

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ELAINE L. CHAO, Secretary of Labor, US Department of Labor

**DEFENDANTS**
LOCAL 732, American Postal Workers Union
2010 Postal Way
Dallas, Texas 75212

**(b)** County of Residence of First _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed ____ Dallas

3 08 CV 0018 - O

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Katherine Savers McGovern, Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242
(214) 659-8650

Attorneys (If Known)

RECEIVED
JAN - 4 2008
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Action under 29 U.S.C. §§ 481-483, Title IV of the Labor-Management Reporting & Disclosure Act of 1959, seeking judgment declaring void the Defendant's May 19, 2007 election of officers.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  X No

## VIII. RELATED CASE(S) IF ANY
(See instructions:)

JUDGE _____  DOCKET NUMBER _____

DATE 1/4/07

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUN _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.      Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.      Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.      Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.      Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.      Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.      Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.